UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ARNOLD EDWARD DEMANN,

      Plaintiff,

v.

UNKNOWN PARTIES, et al.,

      Defendants.

_____/

Case No.    1:26-cv-129; 1:26-cv-131;
1:26-cv-133; 1:26-cv-134;
1:26-cv-135; 1:26-cv-136;
1:26-cv-137; 1:26-cv-138;
1:26-cv-139

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.    Introduction

*Pro se* Plaintiff Arnold Edward DeMann filed nine civil complaints on January 13, 2026.  DeMann asserts that he was born hard of hearing.  He claims that his condition was classified as "moderate to severe" in high school under the Rehab Act of 1973.  *See e.g.* Case No. 1:26-cv-134, ECF No. 3, PageID.100.  DeMann brings claims under 42 U.S.C. § 1983 against various state of Michigan entities and employees. DeMann's complaints are not exactly clear, but he appears to assert violations of the American with Disabilities Act (ADA) and violations of his constitutional rights throughout criminal investigations and court proceedings that began in 2005.

The Court granted Plaintiff leave to proceed *in forma pauperis* in each of his cases on January 19, 2026.  Pursuant to the statute of limitations for § 1983 claims, the undersigned respectfully recommends that the Court dismiss Plaintiff's cases.

1

Alternatively, the undersigned respectfully recommends that the Court dismiss the complaints because the Plaintiff's claims are either barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) or frivolous under 28 U.S.C. § 1915(e)(2)(B).

## II.    Summary of Complaints

It should be noted that Plaintiff's nine complaints contain unclear and overlapping narratives told through various duplicative attachments.  However, the throughline linking all of Plaintiff's complaints is his assertion that various actors in the Michigan criminal justice system violated the ADA during the investigation, court hearings, trial, and incarceration associated with DeMann's criminal proceedings in the Michigan court system.

Plaintiff's complaints each focus on various events throughout Plaintiff's prior criminal proceedings.  Six complaints – Case Nos. 1:26-cv-129; 1:26-cv-131; 1:26-cv-133; 1:26-cv-134; 1:26-cv-135; and 1:26-cv-138 – pertain to a search Plaintiff asserts happened on December 6, 2004.  In Plaintiff's first Complaint, he alleges the following:

A.    Where did the events giving rise to your claim(s) occur? The first ADA systemic failure happened on ~~Dec 6, 2004~~ Dec 6, 2004. The police came to my Residence to get a "Hear-say" confession. But they told me that they conducted an illegal search (without my concent) and without a search warrent. I am required under Law

B.    What date and approximate time did the events giving rise to your claim(s) occur? to report this, I am required to report the police illegal search to the insurance company (MCL 257.1336 Law). Next thing I know is I am being accused of making a "Hear-say" confession to a drug crime that NEVER happened.

C.    What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?) So I turn myself in and come down to the courthouse to straighten this mess out. ILLEGAL SEARCH pretty easy right? I get told that the Constitution Does (NOT) apply to Me. The criminal justice system "can do ~~what~~ what ever it wants with impunity." Violate all disability communication Laws. Only have a ~~right~~ right to hear (just) the witness at (just) the trial.

Page 4 of 6

1:26-cv-129, ECF No. 1, PageID.4.

Plaintiff's factual allegations across the five search complaints listed above are largely the same.  In addition to the general allegations above, Plaintiff asserts the following regarding visor cards that law enforcement use to communicate with the deaf and hard of hearing:

The police came to my house to do what they call a "hear-say knock and talk interview". I am/was born Hard of Hearing, and I lived alone, is that dangerous? [I believe it is.] I was told that "had I NOT TALKED to the police there would have NEVER BEEN any charges" and the case and the evidence presented clearly show that. [I will be presenting complaint on other entities in other complaints this pertains to SOS.] During the pre-trial and trial proceedings, which I was denied access to, the criminal justice system [judge, persecutor, defense, and police] all made it MY FAULT that I did NOT make law enforcement AWARE that I was hard of hearing. In Jan.1985, I got my first Mich Rehab Services file. According to MRS and the medical community, the Rehab Act of 1973 and the Americans with Disabilities Act of 1990 [both federal disability laws] apply to me as a Hard of Hearing person. Am I required UNDER FEDERAL LAW to make the police AWARE that I am Hard of Hearing? If so, is the Secretary of State required UNDER FEDERAL LAW to disburse these visor cards? [if NOT, who is?] How do I [or any Hard of Hearing person] present these visor cards to the police in such a way so as that WE ARE NOT CHARGED WITH NON-VIOLANT ASSULT? [what is the process?] How are these visor cards enforced? When the police inform me at my house that they conducted a warrant-less search without my consent, I am required under liability law to report their findings to the insurance co.

1:26-cv-135, ECF No. 1-1, PageID.11.

Plaintiff also states the following, in pertinent part, about an alleged "hear-say confession" after the initial residential search:

3

> A.   Where did the events giving rise to your claim(s) occur? First time was Dec. 6, 2004 and continues everyday to this very day, every time the police step over toward me. If they speak without writing or a lawyer - I file a MDCR complaint automatically. MCOA docket #268657 Aug. 23, 2007 set a manifest injustice in stone, and illegal precedence
>
> B.   What date and approximate time did the events giving rise to your claim(s) occur? The entire Michigan criminal justice System is in total non compliance with (#11) disability effective communication Laws - ADA Rehab Act 1973 and State laws - the Courts at all times - the police at all times - the jail at all times - the Prisons have just recently been found guilty. The entire system is just as guilty
>
> C.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?) It Started with an illegal search. After the illegal search, the police came to my residence To get a Hear-say confession. But there is a problem, I am AWARE that they must use a search warrent or get my concent. They already conducted illegal search. And said as much-its in the transcripts. I was denied acces to the court. Disability communi effective communication Laws were violated. While being denied access to the court. Whether there was a "miscommunication" or someone is Lying, is for the jury to decide, Hear-say vs. Hard of Hearing denied access
>
> Page 4 of 6

1:26-cv-138, ECF No. 1, PageID.4.[1]

Next, in Case No. 1:26-cv-136, Plaintiff asserts that he was pulled over in 2016 by state police in Kalamazoo, MI. 1:26-cv-136, ECF No. 1, PageID.4. Plaintiff alleges that the jail did not know that he was hard of hearing during booking and failed to comply with the ADA. *Id.* Plaintiff also claims that he was denied access to the courts. *Id.* The following is a portion of Plaintiff's assertions:

---

[1] DeMann asserts that the "[f]irst time was Dec. 6, 2004 and continues everyday to this very day." 1:26-cv-138, ECF No. 1, PageID.4. However, the factual scenario underlying DeMann's claim is an alleged "hear-say confession" that DeMann states happened after the search in December 2004. *Id.*



1:26-cv-136, ECF No. 1, PageID.5.

Additionally, in Case No. 1:26-cv-137, Plaintiff asserts that he could not hear during his criminal trial. 1:26-cv-137, ECF No. 1, PageID.4. Plaintiff also states that he was excluded from a case against the Michigan Department of Corrections (MDOC) in 2014. *Id.*, PageID.1, 4.

Finally, in Case No. 1:29-cv-139, Plaintiff asserts that he has experienced issues with his ability to hear police, court proceedings, and township meetings. Plaintiff's Complaint includes the following factual statement, in pertinent part:

5

> A. Where did the events giving rise to your claim(s) occur? At the township meeting. Also with the township ordinance enforcement. At MY primary consideration, I want ALL communication in Writing – as if I were Totally deaf and I do NOT know Sign Language, I am Hard of Hearing – I refuse to wear hearing aids.
>
> B. What date and approximate time did the events giving rise to your claim(s) occur? This problem began 20 years ago on Dec 6, 2004 when the police came to my residence to inform me they conducted an illegal warrant-less search. By Law (MCL 257.1336) I am required to report their finding to insurance.
>
> C. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?) I stopped wearing hearing aids completely Because of the illegal ruling in MCOA # 268657 Aug 23, 2007. I am having the same problems with the township that I am having with the police and courts. Total systemic failure throughout the entire system. I going insane trying to do this. Grievance procedures only take 3 weeks. Without the grievance process – this takes years to decades – I Need an Attorney
>
> Page 4 of 6

1:26-cv-139, ECF No. 1, PageID.5.

In eight of the nine cases, Plaintiff includes the following ten demands for relief:

> TIME AT ALL way back in 2012 during the appeal of the second trial that I caught on purpose, made a big difference in the court and cops' attitude toward my disability. With that said: 1. Explain why the entire appeals process including habeous corpus did NOT work. 2. Explain why it is that after 15 years of looking [with money offered up front] NO ATTORNEY will help the disabled get the ADA enforced when it is the dadgomn CRIMINAL JUSTICE SYSTEM that is breaking the dadgomn law. 3. Mich Rehab Serv, myself, and the taxpayer's money needs to know if [in fact] the Constitution of the United States is still valid [we will need that IN WRITING]. 4. I will need the court to assign an attorney to assist me with this [I wasted 15 years of my life looking for a dadgomn attorney, no attorney is going to help. It almost seems as if the entire system or ALL THE ATTORNEYS know, or are aware that this is going on, after all this is HOW concerted efforts SUCCEED, this corruption is DELIBERATE.] 5. I will need the Federal Court to ASSIGN counseling. I am going INSANE trying to figure out HOW to do this. My entire life has been destroyed by this. 6. I will need a personal protection order issued by the federal court, and a US marshal assigned to protect me until this investigation is over. 7. There needs to be a complete and thorough investigation as to what is going on in the court room toward me and everyone else with communication disabilities as far as access to the court is concerned. 8. A thorough and complete review of my entire [victimless, no harm or foul to anything or anyone, no trespassing, no window peeking, nothing to anyone] for ADA violations throughout, a complete EXHONORATION/EXPUNGEMENT OF ALL CHARGES WHERE ADA VIOLATIONS ARE INVOLVED. 9. A "Citizen's Recognition Award for Fixing Broken Government" the "Congressional Gold medal" the "Presidential Medal of Freedom" a written and public apology, and meet President Trump. 10. I will accept an out-of-court settlement in the amount of $1billion [$1,000,000,000] and WRITTEN PROOF that the problem has been solved.

1:26-cv-129, ECF No. 1, PageID.5.

In Case No. 1:26-cv-135, Plaintiff includes the following nine demands for relief:

1. FORCE the entire Michigan criminal justice system into FULL COMPLIANCE WITH ALL EXISTING DISABILITY LAWS regulations and procedures that are 1/2-1/3 century old, EFFECTIVE IMMEDIATELY.
2. Force compliance with these visor cards. Who informs and how, who and how distribution happens.
3. How procedures happen so that the Hard of Hearing know HOW to approach the police with this [so they are not charged with a non-violent assault, for presenting law enforcement with a paper] AND so the police KNOW HOW to approach a Hard of Hearing [or deaf] person so that things don't escalate and the Hard of Hearing [or deaf] don't get killed by law enforcement.
4. Completely explain in a Michigan law [MCL] EACTLY HOW these visor cards are ENFORCED.
5. Have a PUBLIC HEARING IN THE COURTROOM [an interactive interview] so I can get MY SIDE OF THE STORY on the records.
6. Assign a federal attorney to represent me.
7. Bring CRIMINAL CHARGES against the CRIMINALS who are breaking the law AND PROSECUTE THEM so it will stop.
8. Make this a CLASS ACTION CASE [as I am 100% certain that other Hard of Hearing persons are having these exact same problems].
9. File a lawsuit against every individual involved, every entity involved, and the state of Michigan, as a whole, in the total amount of $1-billion dollars.

1:26-cv-135, ECF No. 1-1, PageID.11.

## III.    Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a

7

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

IV.    **Analysis**

A. **Statute of Limitations**

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268 69 (1985).  For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years.  Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999).  Accrual of the claim for relief, however, is a question of federal law.  *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Here, DeMann's claims arise from events he asserts took place in 2004, 2014, and 2016.  Plaintiff knew of the alleged harms at the time they occurred.  However, he did not file his complaints until January 13, 2026.  Accordingly, the claims in DeMann's complaints are untimely and barred by the statute of limitations.

8

### B. *Heck* Analysis

Even if DeMann's claims fell within the statute of limitations, his claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that an individual cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he first shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87 (footnote omitted); *see also Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 609–14 (6th Cir. 2014) (holding that Heck barred the plaintiff's civil rights action that police used excessive force in making an arrest where the plaintiff was convicted of resisting arrest based on the same underlying exercise of force); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 396, 398–99 (6th Cir. 1999) (holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned unless the evidence was admitted under an exception to the exclusionary rule), overruled in other part, *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (recognizing that Heck bars the pursuit of a Fourth Amendment arrest claim until the conviction is overturned, but concluding that the action accrues at the time of the arrest).

Here, DeMann has failed to make allegations in any of his nine complaints that can establish that he was successful in his underlying criminal action. As shown above, DeMann seeks "a complete expungement/exoneration of all charges where ADA violations occurred" and one billion dollars in damages. DeMann does not assert that he was acquitted, that the charges were dismissed, or that he successfully appealed a conviction.

A review of Westlaw indicates that in 2007, the Michigan Court of Appeals affirmed a number of methamphetamine-related convictions in *People v. Arnold Edward Demann*, No. 268657, 2007 WL 2404534 (Mich. Ct. App. Aug. 23, 2007). The Michigan Supreme Court subsequently denied DeMann's application for leave to appeal. *People v. Demann*, 480 Mich. 1135, 745 N.W.2d 789 (2008). DeMann also filed a petition for a writ of habeas corpus in this Court related to the aforementioned state proceedings. *Demann v. Harvatich*, W.D. Mich. Case No. 1:11-cv-438. That petition was denied. *DeMann v. Harvatich*, No. 1:11-CV-438, 2011 WL 2881145, at *1 (W.D. Mich. July 18, 2011).

Accordingly, DeMann must first allege facts that establish that he successfully challenged the criminal action against him in the Michigan courts before he can file a claim for monetary damages under 42 U.S.C. § 1983 asserting that his arrest and prosecution violated his federal rights.

### C. Frivolous or Malicious Complaints

Under 28 U.S.C. § 1915, the Court has a responsibility to decide whether a complaint is "frivolous or malicious" or "fails to state a claim on which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  Factual allegations that are "clearly baseless," "fantastic," or "delusional" are frivolous.  *Id.* at 327-28.

Finally, in the opinion of the undersigned, a review of DeMann's nine complaints establishes that they must be dismissed as clearly baseless.  First, DeMann's complaints are largely incoherent and comprised of repetitive attachments that contain a patchwork of images, documents, and often incomprehensible monologues.  *See Davis v. Ruby Foods, Inc.*, 269 F. 3d 818, 820 (7th Cir. 2001) ("[t]he dismissal of a complaint on the ground that it is unintelligible is unexceptionable.") It appears DeMann is attempting to grieve the entirety of the criminal justice system for alleged ADA violations, but his complaints lack clarity and specificity.

Accordingly, the undersigned respectfully recommends that the Court dismiss DeMann's nine complaints as frivolous under 28 U.S.C. § 1915(e)(2)(B).

## V.    Recommendation

For the reasons stated above, the undersigned respectfully recommends that the Court dismiss Plaintiff's nine complaints because Plaintiff's claims are barred by the statute of limitations.  Alternatively, the undersigned respectfully recommends that the Court dismiss the complaints because the Plaintiff's claims are either barred by *Heck,* 512 U.S. 477, or frivolous under 28 U.S.C. § 1915(e)(2)(B).

Dated:   March 20, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).